# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CALZARETTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 2408 |
| v. | ) | |
| | ) | Magistrate Judge |
| NICHOLAS E. REZNY, | ) | Maria Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Calzaretta brought this complaint against Defendant Nicholas E. Rezny alleging violations of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*; Illinois Securities Law, 815 Ill. Comp. Stat. § 5/1 *et seq.*; common law fraud; unjust enrichment; and conversion, based upon business dealings between the parties. This matter is now before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 18]. For the reasons that follow, the motion is denied.

## BACKGROUND[1]

Plaintiff's complaint alleges that he met Defendant at an entrepreneur forum group on March 16, 2016 and again on May 3, 2016 in Chicago. Plaintiff is a resident of Illinois, and Defendant is from Wisconsin. Defendant sent documents to

---

[1] The following facts from Plaintiff's complaint are taken as true for purposes of this motion to dismiss. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff on May 16 regarding purchasing securities in the form of property portfolio shares in the Milwaukee, Wisconsin area. The two met at another entrepreneur forum in Rosemont, Illinois on June 10, 2016, and on August 8, 2016, Defendant sent Plaintiff financial information on various properties in the Milwaukee area. On August 21, 2016, Defendant traveled with his wife to Plaintiff's Illinois home to discuss the potential investments with Plaintiff and his wife. Defendant told Plaintiff that he owned several dozen properties and managed more than 250 others.

The investment discussed at the August 21 meeting related to the purchase of ten properties in the Milwaukee area that were owned by Riverwest Investments, LLC. Defendant indicated he would form a new LLC to purchase the properties, and that LLC would be owned 62% by Plaintiff and 38% by Defendant and his wife. The price of the 62% ownership interest was to be $150,000.00, and Defendant guaranteed Plaintiff a 15% return on his investment for at least three years.

Around December 13, 2016, Plaintiff wired Defendant $150,000. Shortly thereafter, Plaintiff received a call from Defendant's banker, who told Plaintiff that Defendant was involved in three lawsuits with investors, that his properties are overvalued, rent rolls were falsified, and other properties were turned over to other investors with hundreds of thousands of code violations and less than 15% occupancy. In light of this phone call, Plaintiff attempted to stop the wire transfer, but he was not successful. Plaintiff convinced Defendant to return $100,000 of the

investment, but $50,000 had already been spent. Defendant assured Plaintiff that the $50,000 would be returned on January 8, 2017, after he closed a different deal.

Defendant's banker then informed Plaintiff that Defendant had copied Plaintiff's signature onto certain documents used to obtain financing for the deal. Plaintiff also learned that on February 15, 2013, Defendant and his prior business had been ordered to cease and desist securities transfer activities by the Wisconsin Department of Financial Institutions Division of Securities.

Defendant has refused to return the remaining $50,000 of Plaintiff's investment. Plaintiff alleges that Defendant did not own several dozen properties, did not manage more than 250 others, and had no intention of buying the properties. According to the complaint, Defendant sought the $150,000 from him not to invest but to pay off other lenders to whom he owed money for other properties.

## **DISCUSSION**

Defendant moves to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) because he has insufficient contacts with Illinois.[2] But as Plaintiff points out, the complaint alleges federal question jurisdiction and contains a claim under the Securities Act. Therefore, its jurisdictional provisions apply:

---

[2] Defendant denied the jurisdictional allegations in his answer to the complaint and has maintained the defense throughout the litigation, thus it has not been waived. *See* Fed. R. Civ. P. 12(h)(1).

> Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 77v.

Defendant's reply brief plays lip service to the Securities Act's jurisdictional provision but then discusses only minimum contacts under Illinois state law. However, when there is statutory authorization for nationwide service of process, reference to state law long-arm jurisdiction is "inappropriate." *Fitzsimmons v. Barton*, 589 F.2d 330, 332 (7th Cir. 1979). The Securities Act "confers personal jurisdiction in federal court over defendants with minimum contacts with the *United States*, as long as the mandates of constitutional due process are met.'" *Zurich Capital Markets, Inc. v. Coglianese*, 388 F. Supp. 2d 847, 857 (N.D. Ill. 2004) (quoting *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987)) (emphasis in original) (discussing the analogous jurisdictional provision in the Securities Exchange Act); *see Fitzsimmons*, 589 F.2d at 332 ("[T]he only question before us is whether the Due Process Clause imposes any restraints on this nationwide service."); *Schaufenbuel v. InvestForClosures Fin., L.L.C.*, No. 09 C 1221, 2009 WL 3188222, at *2 (N.D. Ill. Sept. 30, 2009) ("[W]here a statute authorizes nationwide service of process and a defendant resides within the territorial boundaries of the United States the government's exercise of power over them in any of its courts is justified."); *see also* Fed. R. Civ. P. 4(k)(1)(C) ("Serving a

4

summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute.").

The Seventh Circuit has held that in the context of nationwide service, the fairness standard discussed in *Shaffer v. Heitner*, 433 U.S. 186 (1977), "relates to the fairness of the exercise of power by a particular sovereign, not the fairness of imposing the burdens of litigating in a distant forum." *Fitzsimmons*, 589 F.2d at 333. "Here the sovereign is the United States, and there can be no question but that the defendant, a resident citizen of the United States, has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States court." *Id.*; *see also Lisak*, 834 F.2d at 671 ("[T]here is no constitutional obstacle to nationwide service of process in the federal courts in federal-question cases."). Furthermore, because the Securities Act claim confers personal jurisdiction, jurisdiction also exists over Plaintiff's state law claims. *See Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 449 (7th Cir. 2000) (explaining that a federal court may "entertain pendent state law claims where federal claims provided for extraterritorial service").

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 18] is denied.

**SO ORDERED.**                        **ENTERED:**

**DATE:**    **December 6, 2017**

                                                   **HON. MARIA VALDEZ**
                                                   **United States Magistrate Judge**