## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID CALZARETTA, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cv-02408 |
| v. ) | |
| ) | |
| NICHOLAS E. REZNY, ) | Honorable Sunil R. Harjani |
| ) | |
| ) | |
| Defendant. ) | |

### STIPULATED CONSENT JUDGMENT

As attested by the signatures below, this matter comes before the Court on the parties' joint stipulation. On March 29, 2017, Plaintiff, David Calzaretta filed an action against Defendant Nicholas E. Rezny, in the Northern District of Illinois, Case No. 1:17-cv-02408, for Securities Fraud and other claims. Plaintiff and Defendant, as undersigned hereto, desire to resolve all disputes and effect a full and complete resolution of the action herein and any actions which may be brought against the undersigned by Plaintiff, or vice-versa, in resolution of any claims arising from any acts of the parties prior to the date of this Agreement. To fully and final resolve all claims between the parties, each of them have reached an agreement which requires entry of this stipulated judgment to fully effect the terms of the settlement and have asked the Court to accept an enter this Stipulated Consent Judgment and to proceed consistently with this agreement

It is HEREBY STIPULATED AND ORDERED for all matters relevant to this case as follows:

1. This Court has jurisdiction over the parties and the subject matter and that venue is proper;

2. The parties and each of them expressly consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including entry of orders, including this stipulation or any other final judgment or orders arising therefrom; Defendant Nicholas E. Rezny admits the following facts consistent with Calzaretta's claim for conversion, and Rezny stipulates to the entry of the same:
   a. Rezny received $50,000.00 from Calzaretta for the purpose of purchasing specific real estate.
   b. Rezny did not utilize the $50,000.00 to purchase the contemplated real estate, and therefore Calzaretta, and not Rezny, had a right to possess the $50,000.00.
   c. Rezny utilized the funds for expenses and debt non-related to any agreements with Calzaretta.
   d. Rezny interfered with Calzaretta's rightful possession of the $50,000.00 by acts inconsistent with Calzaretta's property rights.
   e. Calzaretta suffered damages in the amount of $50,000.00 as a result of Rezny's acts. Based upon Rezny's failure to return any of the aforementioned funds, Rezny admits to intentional conversion of the same.

   Defendant specifically denies all remaining Counts.

3. The parties are directed to comply with the terms of the settlement agreement, which are embodied in this judgment. The Court retains jurisdiction for purposes of enforcing judgment.

## MONEY JUDGMENT

4. Judgment is entered in favor of Plaintiff and against Defendant in the amount of Fifty Thousand Dollars, ($50,000.00) as damages relating to Count V. Judgment to be entered March 31, 2019.

Dated: March 8, 2019           By:     /s/ Matthew M. Saffar
                                       Attorney for Plaintiff

So Stipulated and Respectfully submitted:

_____        _____
David Calzaretta                        Nicholas E. Rezny

Matthew M. Saffar

Law Offices of Matthew M. Saffar, LLC
800 E. Northwest Highway, Suite 1095
Atty. No. 6295406
(847)259-6647
Matthew.saffar@saffarlaw.com


SO ORDERED.

Dated: March 31, 2019

_____
Sunil R. Harjani
United States Magistrate Judge